IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James H. Noble,               :

    Plaintiff,            :    Case No. 2:08-cv-0881

    v.                    :

Terry Collins, et al.,        :    Judge Graham

    Defendants.           :    Magistrate Judge Kemp

OPINION AND ORDER

On December 8, 2008, the Magistrate Judge filed a Report and Recommendation recommending that the complaint filed by James H. Noble, a state prisoner, against various officials and employees of the Ohio Department of Rehabilitation and Correction and the London Correctional Institute be dismissed for failure to state a claim. The gist of Mr. Noble's federal claims is that he was falsely accused of taking another inmate's property, and that this accusation has caused him to be subject to an increased risk of assault by other inmates. He also raises a claim concerning certain prison disciplinary proceedings.

On December 17, 2008, Mr. Noble filed objections to the Report and Recommendation. The Ohio Attorney General filed a response to the objections on December 31, 2008. Mr. Noble filed a reply in support of his objections on March 3, 2009. For the following reasons, Mr. Noble's objections will be overruled, and the Report and Recommendation will be adopted in its entirety.

I.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate

judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id., see also 28 U.S.C. § 636(b)(2)(B).

## II.

Mr. Noble objects to the fact that the Magistrate Judge issued his Report and Recommendation without first allowing him to present discovery documents from the defendants. This objection ignores the requirement that the Court conduct a screening, as soon as practicable, of a complaint in which a prisoner seeks redress from an officer or employee of a governmental entity. See 28 U.S.C. § 1915A. The Court is further required to dismiss the complaint if it determines upon review, that the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Id. When the Court determines upon an initial screening that a complaint fails to state a claim on its face, as the Magistrate Judge has recommended in this case, no discovery may be had since the defendants have never been served with service of process. See Thompson v. Michigan Dept. of Corrections, 25 Fed. App'x 357, 359 (6th Cir. 2002). Therefore, Mr. Noble's objection is without merit.

Mr. Noble also objects to the recommended dismissal of his due process claim. However, the Magistrate Judge correctly concluded that none of the facts alleged by Mr. Noble state a due process claim under the Fourteenth Amendment. The Supreme Court's decision in Sandin v. Connor, 515 U.S. 472 (1995) held that the due process clause is not implicated by routine prison adjudications on rules infractions unless the penalty is something beyond the normal hardships that are part of prison life. Mr. Noble has not alleged any such penalties here - and, in fact, was acquitted of the theft charge. He simply has no due process claim, nor any actionable slander claim, since most cases of slander by a government employee

2

do not raise constitutional issues.

Mr. Noble also objects to the Magistrate Judge's finding that he suffered no assault as the result of the correction officers' falsely informing other inmates that he was a thief. Mr. Noble argues that the term "assault" has a broader meaning under Ohio law and can encompass the mere threat of bodily harm. Even if he is correct, however, the Prison Litigation Reform Act bars his claim for monetary relief. It provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The stress caused by fear of an attack by other inmates does not constitute a physical injury for purposes of § 1997e(e). <u>Tribe v. Snipes</u>, 19 Fed. App'x 325, 326 (6th Cir. 2001). Because Mr. Noble cannot show any physical injury, he fails to state a claim upon which relief can be granted. Finally, to the extent that he may have been seeking injunctive relief, such a claim is moot in light of his release from the Ohio prison system. <u>See</u> Doc. #22.

### III.

For the foregoing reasons, Mr. Noble's objections (#16) are overruled, and the Report and Recommendation (#14) is adopted in its entirety. This case is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

<u>s/ James L. Graham</u>
JAMES L. GRAHAM
United States District Judge

DATE: April 23, 2009